UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN MILWAUKEE DIVISION

| | |
|---|---|
| WILLIAM DAMON AVERY, et al, ) | |
| ) | |
| Plaintiffs, ) | No. 11 CV 408 |
| ) | |
| vs. ) | Judge Rudolph T. Randa |
| CITY OF MILWAUKEE, et al. ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

## JOINT PROPOSED PRETRIAL SCHEDULE

Now Come Plaintiffs and Defendants, by and through their counsel, and pursuant to Federal Rule of Civil Procedure 26(f) submit the following scheduling report:

1. Due to counsel for the parties' mutual engagement in two other similar cases pending in the Eastern District of Milwaukee, the parties overlooked the deadline to submit their scheduling report in this case.

2. Statement of the Case: Plaintiff William Avery was wrongfully convicted for a murder for which he spent six years falsely imprisoned and branded as a murder because Defendants violated Plaintiff Avery's constitutional and state law rights by fabricating a confession allegedly made by Plaintiff, coercing witnesses to give false testimony, and failing to disclose exculpatory evidence. Plaintiffs' children seek damages for their loss of companionship related to Plaintiff Avery's claims. Defendants deny any wrongdoing and assert various affirmative defenses, including qualified immunity.

3. The attorney of record are:

Jon Loevy
Gayle Horn
Heather Lewis Donnell
LOEVY & LOEVY

312 North May Street, Suite 100
Chicago, Illinois 60607
(312) 243-5900

Jan Smokowicz
MILWAUKEE CITY ATTORNEY'S OFFICE
200 E. Wells Street, Room 800
Milwaukee, Wisconsin 53202
(414) 286-2601

4. Discovery Plan

   a. Rule 26(a)(1) Disclosures:   September 30, 2011

   b. Subjects of Discovery:

      i. The circumstances of the police investigation and the State's prosecution of Mr. Avery, including whether the Defendants violated Plaintiff's due process rights by (1) fabricating a confession; (2) coercing witnesses and withholding the fact of that coercion from Plaintiff; (3) withholding exculpatory evidence, including exculpatory DNA results; and fabricating evidence;

      ii. Whether the Defendants violated Plaintiff's rights by failing to intervene when other Defendants fabricated a confession, coerced witnesses, withheld exculpatory evidence or fabricated evidence;

      iii. Whether those Defendants in a supervisory role were aware of, facilitated, approved and/or condoned a pattern and practice of misconduct that led to the violation of Plaintiff's rights;

      iv. Whether the Defendants engaged in a conspiracy to deprive Plaintiff of his constitutional rights;

v. Whether the City of Milwaukee had a policy or practice of conducting flawed investigations, including by fabricating confessions, coercing witnesses and withholding exculpatory evidence (e.g., forensic DNA evidence), or inadequately training and supervising its police force, which led to the violation of Plaintiff's constitutional rights. The parties note that similar Monell claims have been made by the plaintiff in Ott v. City of Milwaukee, 09 CV 870, and therefore some of the discovery on this issue will not need to be duplicated;

vi. The circumstances and perpetrator of the murder that the Plaintiff was accused of committing;

vii. Plaintiff's defenses at his criminal trial;

viii. The extent of Plaintiff's damages; as well as the extent of Plaintiffs William Damen Avery, Jr.'s, Sirena Alline Williams's, Cynthia Lynn Tyler's, Jalisa Jonique Avery's, and Nafia Nicole Avery's damages with respect to their loss of companionship state law claims;

ix. Facts and circumstances bearing on the Defendants' assertion of qualified immunity.

c. Amendment of the Pleadings: February 24, 2012

d. Completion of Discovery:

i. Completion of Fact Discovery: June 29, 2012

ii. Completion of Expert Discovery:

1. Disclosure of Rule 26(a)(2) reports: August 24, 2012

2. Disclosure of Rebuttal experts, if any: November 16, 2012

iii. Deadline for filing dispositive motions:    December 14, 2012

iv. Electronically stored information:    The parties do not believe that there will be any issues regarding electronically-stored information. Should a request or need for such discovery arise during the course of this litigation, the parties will work to reach an agreeable process for securing that information.

v. Assertions of Privilege:    The parties will timely assert any right to withhold discovery on the basis of a privilege, and provide a privilege log to support its assertion. If there is any dispute regarding the appropriateness of the assertion of a privilege, the parties will try to reach an agreement among themselves, and if not, raise the matter with the Court.

vi. Scope of Discovery:    The parties have agreed to a limit of 12 depositions per side.

Respectfully submitted,

_____         _____
One of Plaintiffs' attorneys                         One of Defendants' attorneys

Jon Loevy                                             Jan Smokowicz
Gayle Horn                                            MILWAUKEE CITY ATTORNEY'S OFFICE
Heather Lewis Donnell                                 200 E. Wells Street, Room 800
LOEVY & LOEVY                                         Milwaukee, Wisconsin 53202
312 North May Street, Suite 100
Chicago, Illinois 60607