IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

WILLIAM DAMON AVERY, WILLIAM        )
DAMEN AVERY, JR., SIRENA ALLINE     )
AVERY, CYNTHIA LYNN TYLER, and      )
JALISA JONIQUE AVERY and NAFIA      )
NICOLE AVERY, minors by their       )
father and next friend William      )
Avery                               )
                                    )
        Plaintiffs,                 )
                                    )
            v.                      )    No. 11-cv-408
                                    )
CITY OF MILWAUKEE, DETECTIVE        )    Judge Rudolph T. Randa
GILBERT HERNANDEZ, DETECTIVE        )
DANIEL PHILLIPS, DETECTIVE          )
KATHERIN HEIN, DETECTIVE TIMOTHY    )
HEIER, DETECTIVE KEVIN              )
ARMBRUSTER, DETECTIVE ERIC          )
GULBRANDSON, and DETECTIVE JAMES    )
DEVALKENAERE,                       )
                                    )
        Defendants.                 )    JURY TRIAL DEMANDED


## FIRST AMENDED COMPLAINT

Plaintiffs William Damon Avery, William Damen Avery, Jr.,

Sirena Alline Avery, Cynthia Lynn Tyler, Jalisa Jonique Avery,

and Nafia Nicole Avery, by and through their attorneys, LOEVY &

LOEVY, complain of the violation of Plaintiffs' constitutional

and state law rights by Detectives Gilbert Hernandez, Daniel

Phillips, Katherine Hein, Timothy Heier, Kevin Armbruster, Eric

Gulbrandson, James DeValkenaere, and other as-yet unidentified

Milwaukee Police Officers (hereinafter "Detective Defendants")

and the City of Milwaukee, and allege as follows:

## Introduction

1.    William Damon Avery was wrongly convicted of a murder that he did not commit, and forced to spend six years of his life wrongly incarcerated and falsely branded as a murderer.

2.    The real murderer has been proven through DNA and is known to be the serial killer named Walter Ellis.

3.    Despite the fact that it is now known with scientific certainty that Walter Ellis committed this crime, Detective Defendants had previously "developed" evidence falsely implicating Mr. Avery, including a supposed "confession" from Mr. Avery and the perjurious testimony of three jail house snitches.

4.    In May 2010, after the DNA evidence cleared Mr. Avery of any wrongdoing, Mr. Avery was released from prison.  On September 23, 2010, the Circuit Court of Wisconsin vacated the jury's verdict and sentence.

## Jurisdiction and Venue

5.    This action is brought pursuant to 28 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff William Avery's rights under the United States Constitution and pursuant to Wisconsin state law for violation of Mr. Avery's and co-Plaintiffs' state law rights.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the case arises under the Constitution and under 28 U.S. C. § 1367 for supplemental jurisdiction over the related state law claims. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this suit occurred in this judicial district.

**The Parties**

7. William Damon Avery is a thirty-nine year-old resident of Milwaukee, Wisconsin. Mr. Avery is the father of co-Plaintiffs William Damen Avery, Jr., Sirena Alline Avery, Cynthia Lynn Tyler, Jalisa Jonique Avery and Nafia Nicole Avery. He is currently enrolled at the Milwaukee Area Technical College where he is studying carpentry.

8. William Damen Avery, Jr. is the twenty-one-year-old son of Mr. Avery. He is a resident of Milwaukee, Wisconsin.

9. Sirena Alline Avery is the twenty-year-old daughter of Mr. Avery. She is a resident of Milwaukee, Wisconsin. Ms. Avery obtained a GED from Walker Career Center in 2009 and is currently employed as a telemarketer.

10. Cynthia Lynn Tyler is the nineteen-year-old daughter of Mr. Avery. She attends Carmen High School in Milwaukee, Wisconsin and expects to graduate in June 2011.

3

11.  Jalisa Jonique Avery is the seventeen-year-old daughter of Mr. Avery.  She attends Project Safe High School in Milwaukee, Wisconsin.

12.  Nafia Nicole Avery is the seventeen-year-old daughter of Mr. Avery. She attends Carmen High School in Milwaukee, Wisconsin.

13.  Defendants Hernandez, Phillips, Hein, Heier, Armbruster, Gulbrandson, and DeValkenaere are or were detectives with the City of Milwaukee Police Department.  Each of the Detectives is sued in his or her individual capacity and acted under color of law and in the scope of his or her employment in engaging in the actions in this complaint.

14.  The Defendant City of Milwaukee is a municipal entity that employs or employed the Defendant Detectives.

**The Murder**

15.  On the morning of February 17, 1998, the body of Maryetta Griffin was found in an abandoned garage at 3033 North 7th Street in North Milwaukee.  Ms. Griffin's body was nude from the waist down.  She was found in the fetal position and rigor mortis had set in.

16.  According to the medical examiner, Ms. Griffin's death was caused by manual strangulation.

4

17. Ms. Griffin suffered from drug addiction and prostituted herself to support her addiction.

18. Sadly, Ms. Griffin was at least the seventh victim of the serial killer Walter Ellis, who stalked and murdered women on the margins of society in the North Milwaukee area over the course of nearly two decades.

## Police Investigation
## and Defendants' Misconduct

19. At the time of Ms. Griffin's murder, there had already been at least six manual strangulation murders of prostitutes who were then left in abandoned homes or garages, four of which had occurred within a couple blocks of where Ms. Griffin's body was found.

20. The Detective Defendants knew about these prior murders and suspected that a serial killer was responsible for these murders based on the common features of the murders and his victims.

21. The Detective Defendants further knew that the circumstances surrounding Ms. Griffin's murder were nearly identical to at least six prior unsolved North Milwaukee prostitute murders.

22. Instead of conducting the necessary investigation to solve the homicide and catch Walter Ellis, the Detective

5

Defendants short-circuited their investigation and prematurely honed in on Mr. Avery, who knew Ms. Griffin.

23. A few weeks after Ms. Griffin's murder, Mr. Avery learned that the Milwaukee Police Department wanted to speak with him.

24. On March 23, 1998, Mr. Avery voluntarily went to the police station to talk with the police.

25. Upon his arrival, the Detective Defendants arrested Mr. Avery.

26. Over the course of the next two days, Mr. Avery was repeatedly interrogated by the Detective Defendants.

27. Detective Defendants proceeded to fabricate a purported "confession" from Mr. Avery alleging that Mr. Avery confessed to blacking out and committing the crime.

28. The "confession" was completely fabricated. Mr. Avery has consistently denied that he ever confessed to the murder. Indeed, Mr. Avery is absolutely innocent of this crime.

29. Despite the Detective Defendants' efforts to pin Ms. Griffin's murder on Mr. Avery in 1998 and close the murder case, they were unable to develop enough evidence for the State to charge Mr. Avery with the murder of Ms. Griffin in 1998.

30. Instead, Mr. Avery was charged with two felony drug counts based on a coerced statement Mr. Avery gave the Detective

6

Defendants regarding the sale of drugs.  He was thereafter convicted of operating a drug house and served six years in prison on that charge.

### Second Attempt to Pin the Crime on Mr. Avery

31.  Seven years after the murder of Ms. Griffin and after Mr. Avery was convicted of the drug charges and served his sentence, the State charged Mr. Avery with murdering Ms. Griffin.  To do so, the State resurrected the fabricated "confession" Mr. Avery allegedly gave back during his interrogation in 1998, and developed additional evidence from three jail house snitches who purportedly corroborated the fabricated confession.

32.  Unbeknownst to Mr. Avery, the Defendant Detectives pressured and coerced the jailhouse snitches into falsely implicating Mr. Avery and improperly fed these snitches information about what had happened.

33.  Two of the snitches who testified against Mr. Avery have subsequently recanted their testimony.

34.  In addition, the Detective Defendants knew that the facts surrounding Ms. Griffin's murder were nearly identical to the other numerous unsolved North Milwaukee murders of other African American prostitutes, including those committed by

7

serial killer Walter Ellis. None of this information, however, was disclosed to Mr. Avery.

35. Rather than continue to perform the police work necessary to solve the crime, the Detective Defendants instead conspired among themselves and with each other to close the case without regard to Mr. Avery's innocence. Specifically, the Detective Defendants unjustly singled out Mr. Avery, and then endeavored to stretch and manipulate the facts and evidence to fit the false hypothesis that he was guilty of the crime. In addition, Detective Defendants conspired to hide and destroy evidence that showed that Ms. Griffin's murder was linked to the North Milwaukee serial killer.

36. Detective Defendants also manufactured "evidence", such as a false "confession" and witness testimony, that falsely implicated Mr. Avery and withheld from prosecutors evidence that was both exculpatory and material. The Detective Defendants also disregarded and/or destroyed exculpatory evidence that should have been preserved.

37. The Detective Defendants deliberately and affirmatively failed to investigate and develop information that would have helped establish the guilt of an individual other than Mr. Avery. Consistent with that endeavor, Detective

8

Defendants unlawfully suppressed information that would have implicated others and thereby exonerate Mr. Avery.

38.  Detective Defendants purposely destroyed and/or hid evidence that linked the murder of Ms. Griffin to the suspected serial killer and/or Walter Ellis, including destroying or hiding any police reports and notes that contained evidence of an exculpatory nature for Mr. Avery.

### Mr. Avery's Exoneration

39.  In 2010, Mr. Avery wrote a letter to Milwaukee County District Attorney John Chisholm seeking new testing of a DNA sample taken from Ms. Griffin's mouth.

40.  On May 6, 2010, Mr. Chisholm sent Mr. Avery a letter indicating that the DNA profile did not match Mr. Avery and was consistent with another individual's DNA already accused of a crime.

41.  Mr. Avery was released from prison in May 2010, and the Circuit Court vacated the jury's verdict and sentence on September 23, 2010.

42.  The other individual implicated in Ms. Griffin's murder is now known to be the North Milwaukee serial killer, Walter Ellis.

43.  On or about September 6, 2009, the police arrested Walter Ellis.

9

44.    The State charged Walter Ellis with seven murders based on matching his DNA to the profiles generated from these murders.  In February 2011, Walter Ellis pleaded no contest to the charges and was sentenced to life imprisonment.

45.    The seven murders occurred between October 1986 and April 2007.  Six of the murders occurred before Ms. Griffin was killed and before Mr. Avery was wrongfully charged with Griffin's murder.

46.    Each of these murders have fact patterns that match the facts and evidence surrounding Ms. Griffin's murder: Ellis strangled his victims and sexually assaulted them, Ellis's victims were on the margins of society and many were prostitutes in the North Milwaukee area, four of the seven murders for which Ellis was convicted occurred within a couple blocks of where Ms. Griffin's body was found, and four of the seven victims were found in vacant buildings, just like Ms. Griffin.

47.    Although the State has not yet charged Ellis with Ms. Griffin's murder, the overwhelming evidence, including DNA evidence, points to Walter Ellis being responsible for Ms. Griffin's murder.

## Plaintiffs' Damages

48.    Mr. Avery spent over five years in prison for a crime that he did not commit.  In addition to the wrongful loss of his liberty, Mr. Avery missed out on important milestones in his children's lives and suffered the humility of being branded a murderer.

49.   Mr. Avery also suffered emotional pain and suffering. Mr. Avery was stripped of the various pleasures of basic human experience, from the simplest to the most important, which all free people enjoy as a matter of right.  He missed out on sharing holidays and other important events with his five his children.  He missed out on earning a living and providing for his family, and the fundamental freedom of living as an autonomous human being.

50.   As a result, Mr. Avery has suffered tremendous damage, including extreme emotional distress, physical suffering and financial loss.

51.   In addition, due to the loss of their fathers' companionship, co-Plaintiffs William Jr., Sirena, Jalisa, and Nafia and Cynthia also lost the emotional and financial support of their father during the nearly six years of his wrongful incarceration.  Co-Plaintiffs further suffered the absence of

11

their father's presence and influence in their lives during the formative years of their childhood and adolescence.

### Count I – 28 U.S.C. § 1983

### Constitutional Rights

52. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

53. As described more fully above, all of the Detective Defendants, while acting individually, jointly and in conspiracy, as well as under color of law and with the scope of their employment, deprived Plaintiff William Avery of his constitutional right to a fair trial.

54. In the manner described more fully above, the Detective Defendants deliberately withheld exculpatory evidence, as well as fabricated a false "confession" from Mr. Avery, and procured false testimony from three jail house snitches, thereby misleading and misdirecting the criminal prosecution. Absent the totality of this misconduct, the prosecution of Plaintiff William Avery could not and would not have been pursued.

55. The Detective Defendants' misconduct directly resulted in the unjust criminal conviction of Plaintiff William Avery, thereby denying him his constitutional right to a fair trial, and a fair appeal thereof, in violation of the Due Process

Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

56. As a result of this violation of his constitutional right to a fair trial, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

57. The Detective Defendants' misconduct, as described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

58. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Milwaukee Police Department to pursue wrongful convictions through profoundly flawed investigations and coerced evidence. In this way, the Defendant City of Milwaukee violated Plaintiff's rights by maintaining policies and practices that were the moving force driving the foregoing constitutional violations.

59. These widespread practices, so well-settled as to constitute *de facto* policy in the Milwaukee Police Department, were able to exist and thrive because municipal policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

60.   The widespread practices described in the preceding paragraphs were allowed to flourish because the City declined to implement sufficient training and/or any legitimate mechanism for oversight or punishment.

### Count II – 42 U.S.C. § 1983

### Failure to Intervene

61.   Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

62.   In the manner described above, during the constitutional violations described above, one or more of the Detective Defendants stood by without intervening to prevent the misconduct.

63.   The Detective Defendants had a reasonable opportunity to prevent this harm, but failed to do so.

64.   As a result of the Detective Defendants' misconduct, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

65.   The Defendants' misconduct, as described in this Count, was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff William Avery's constitutional rights.

66.    The misconduct described in this Count was undertaken pursuant to the City of Milwaukee's policy and practice in the manner described in the preceding paragraphs.

### Count III - 42 U.S.C. § 1983

### Conspiracy to Deprive Constitutional Rights

67.    Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

68.    After the murder at issue, the Detective Defendants reached an agreement amongst themselves to frame Plaintiff William Avery for the crime, and to thereby deprive Plaintiff of his constitutional rights, all as described in the various Paragraphs of this Complaint.

69.    Independently, before and after Plaintiff's conviction, each of the Detective Defendants further conspired, and continues to conspire, to deprive Plaintiff of exculpatory materials to which he was lawfully entitled and which would have led to his more timely exoneration of the false charges as described in the various Paragraphs of this Complaint.

70.    In this manner, the Detective Defendants, acting in concert with other unknown co-conspirators, including persons who are not members of the Milwaukee Police Department, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

15

71. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

72. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered financial damages, as well as severe emotional distress and anguish, as is more fully alleged above.

73. The Defendants' misconduct, as described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

74. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Milwaukee Police Department in the manner described more fully in preceding paragraphs, and was tacitly ratified by policymakers for the Defendant City of Milwaukee with final policymaking authority.

75. As a result of this violation, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

## Count IV – State Law Claim

## Malicious Prosecution

76.    Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

77.    Defendant Defendants caused Plaintiff to be improperly subjected to judicial proceedings for which there was no legitimate probable cause.  These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were ultimately terminated in Plaintiff's favor in a manner indicative of innocence.

78.    Detective Defendants accused Plaintiff of criminal activities knowing those accusations to be without genuine probable cause, and made statements to the police and/or prosecutors with the intent of exerting influence to institute and continue the judicial proceedings.

79.    Detective Defendants also fabricated evidence and withheld the manner in which that evidence was fabricated

80.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

81.    As a result of this misconduct, Plaintiff sustained injuries, including emotional pain and suffering, as more fully alleged above.

17

## Count V - 42 U.S.C. § 1983

### Supervisor Liability

82.  Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

83.  The constitutional injuries complained of herein were proximately caused by a pattern and practice of misconduct, which occurred with the knowledge and consent of those of the Defendant Officers who acted in a supervisory capacity, such that these Detective Defendants personally knew about, facilitated, approved, and/or condoned this pattern and practice of misconduct, or least recklessly caused the alleged deprivation by their actions or by their deliberately indifferent failure to act.

84.  The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

85.  The misconduct described in this Count was undertaken pursuant to the City's policy and practice in the manner more fully described above.

86.  As a result of this violation, Plaintiff William Avery suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

## Count VI – State Law Claim

### Negligent Infliction of Emotional Distress

87.  Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

88.  In the manner described more fully above, by manipulating evidence Defendants caused Plaintiff William Avery severe emotional distress.

89.  In doing so, Defendants conduct fell below the applicable standard of care and was the cause-in-fact of Plaintiff's injuries.

90.  As a result of Defendants conduct, Plaintiff suffered injuries, including severe emotional distress, as is more fully alleged above.

## Count VII – State Law Claim

### Intentional Infliction of Emotional Distress

91.  Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

92.  In the manner described more fully above, by wrongfully inculpating Plaintiff William Avery in a crime he did not commit, Defendants intended to cause emotional distress.

93.  In doing so, Defendants' conduct was extreme and outrageous and caused Plaintiff severe, disabling emotional distress.

94.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

95.   As a result of this misconduct, Plaintiff William Avery sustained injuries, including emotional pain and suffering, as is more fully alleged above.

### Count VIII

### Loss of Companionship

96.   Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

97.   As a result of the Detective Defendants' misconduct described above and due to their investigation of the homicide investigation, co-Plaintiffs Cynthia Tyler, William, Jr., Sirena, Jalisa and Nafia Avery, lost the companionship of their father for six years of their childhood and adolescence.

98.   Due to Detective Defendants' misconduct, co-Plaintiffs Cynthia Tyler, William, Jr., Sirena, Jalisa and Nafia Avery, suffered the loss of the care, society, companionship, protection, training and guidance of Mr. Avery.

Case 2:11-cv-00408-JPS   Filed 10/29/12   Page 20 of 22   Document 42

## Count XII – State Law Claim

## Indemnification

99. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

100. Wisconsin law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

101. The Defendant Detectives are or were employees of the Milwaukee Police Department, and acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiffs, WILLIAM DAMON AVERY, WILLIAM DAMEN AVERY, JR., CYNTHIA LYNN TYLER, SIRENA ALLINE AVERY, JALISA JONIQUE AVERY, AND NAFIA NICOLE AVERY, respectfully request that this Court enter judgment in his favor and against the Defendants, CITY OF MILWAUKEE, DETECTIVE GILBERT HERNANDEZ, DETECTIVE DANIEL PHILLIPS, DETECTIVE KATHERIN HEIN, DETECTIVE TIMOTHY HEIER, DETECTIVE KEVIN ARMBRUSTER, DETECTIVE ERIC GULBRANDSON, and DETECTIVE JAMES DEVALKENAERE and awarding compensatory damages, costs and attorneys' fees, along with punitive damages against each of the Detective Defendants in their individual capacities along with whatever additional relief this Court deems appropriate.

Case 2:11-cv-00408-JPS   Filed 10/29/12   Page 21 of 22   Document 42

**JURY DEMAND**

Plaintiffs, WILLIAM DAMON AVERY, WILLIAM DAMEN AVERY, JR., CYNTHIA LYNN TYLER, SIRENA ALLINE AVERY, JALISA JONIQUE AVERY, AND NAFIA NICOLE AVERY, hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,


/s/Heather Lewis Donnell_____


Jon Loevy
Gayle Horn
Heather Lewis Donnell
LOEVY & LOEVY
312 N. May Street
Suite 100
Chicago, IL 60607
Ph: (312) 243-5900
Fx: (312) 243-5902