# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIAM DAMON AVERY, et al.,**

    Plaintiffs,

    -vs-                              Case No. 11-C-408

**CITY OF MILWAUKEE, et al.,**

    Defendants.

## DECISION AND ORDER

In this civil rights lawsuit, William Avery alleges claims arising from his wrongful murder conviction. Avery spent six years in jail before DNA evidence proved that the real killer was serial killer Walter Ellis. After two years and multiple alterations to the discovery schedule, Avery's attorneys moved to withdraw (on the same day, Avery submitted a letter claiming that he was firing them). Also on the same day, the defendants moved to dismiss for want of prosecution because Avery refused to attend his deposition on two separate occasions. The Court granted counsel's motion to withdraw, so Avery is now proceeding *pro se*. In the same order, the Court directed Avery to respond to the motion to dismiss. Avery responded, sort of, although he primarily persists in his request for an extension of time to obtain new legal representation.

Federal Rule of Civil Procedure 41(b) allows district courts to impose sanctions, including dismissal, for a party's "persistent failure to comply with

discovery and scheduling orders." *Ladien v. Astrachan*, 128 F.3d 1051, 1056 (7th Cir. 1997). However, the Seventh Circuit has recently emphasized that the punishment for failure to prosecute a case should "fit the crime," and district courts must consider certain "essential factors," such as the frequency and egregiousness of the plaintiff's failure to comply with deadlines, the effect of delay on the court's calendar, and the prejudice resulting to the defendants. *Sroga v. Huberman*, --- F.3d ---, 2013 WL 3455510, at *2 (7th Cir. July 10, 2013) (quoting *Johnson v. Chi. Bd. of Educ.*, 718 F.3d 731 (7th Cir. 2013)).

The only "excuse" that the Court can discern from the record is that Mr. Avery is nervous about being deposed given his past experiences with lawyers and the criminal justice system. This is not really an excuse, but it is in some sense understandable given that Avery spent six years in jail for a crime he did not commit. Accordingly, and in light of the fact that Avery is currently without representation, the Court will deny the motion to dismiss for want of prosecution. That said, this should be a warning for Avery going forward that he does not have license to disregard this Court's orders or any of the federal rules of civil procedure. Avery's anxiousness may be understandable, but he chose to bring this lawsuit, so he must accept the consequences that go along with litigation in federal court.

As an aside, the Court notes that Avery's co-plaintiffs, his children who brought claims for loss of companionship, are also currently unrepresented. If Avery ends-up proceeding *pro se*, he cannot represent the interests of his children. *Johns v.*

- 2 -

*Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself").

**NOW THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to dismiss for want of prosecution [ECF No. 52] is **DENIED**;

2. Avery's motion for an extension of time [ECF No. 56] is **GRANTED**;

3. The current scheduling order [ECF Nos. 48-49] is **VACATED**; and

4. The Court will conduct a telephonic status conference on **September 5, 2013** at **9:30 a.m. (CST)**. At this time, Avery must either appear by counsel or be prepared to proceed on his own behalf. The Court will initiate the call. Avery must provide the Court with a telephone number where either he or his attorney can be reached for the status conference.

Dated at Milwaukee, Wisconsin, this 28th day of July, 2013.

BY THE COURT:

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 3 -

Case 2:11-cv-00408-JPS    Filed 07/28/13    Page 3 of 3    Document 58