# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIAM DAMON AVERY, et al.,**

    Plaintiffs,

    -vs-                                            Case No. 11-C-408

**CITY OF MILWAUKEE, et al.,**

    Defendants.

## DECISION AND ORDER

The Court is in receipt of a letter from counsel for the defendants requesting a hearing regarding the status of the unrepresented plaintiffs in this case, five children of William Damon Avery. Defendants suggest that the Court should give notice to Mr. Avery's children to afford them an opportunity to participate in the trial of this matter or, in the alternative, have their claims dismissed for want of prosecution if they fail to respond to the notice.

Giving notice and the opportunity to participate in a trial that is scheduled to begin in two weeks strikes the Court as manifestly unfeasible. At the same time, the Court, just like the parties, does not want to adjourn the trial. This is an older case that has been delayed for multiple reasons, including the withdrawal of initial counsel for the plaintiffs. It was that

withdrawal, of course, that resulted in Avery's children being left in limbo without legal representation. Unfortunately, for whatever reason, neither the Court nor any of the parties thought to give Avery's children notice about the ongoing proceedings in this matter (they may be aware behind the scenes, but that is irrelevant for present purposes).

The most practical solution is to *sua sponte* dismiss the unrepresented plaintiffs' loss of companionship claims *without prejudice*. Normally, courts cannot dismiss claims for want of prosecution *sua sponte* and without warning to a plaintiff, but that rule "was adopted specifically for situations in which claims are dismissed *with* prejudice. Because a plaintiff may refile the same suit on the same claim, dismissal without prejudice does not constitute such a harsh sanction and does not foreclose a determination on the merits. In such a circumstance, an explicit warning is not normally required." *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) (emphasis in original).

Courts are divided over whether loss of companionship claims are cognizable under 42 U.S.C. § 1983 in the context of a parent-child relationship. *See Russ v. Watts*, 414 F.3d 783, 787-88 (7th Cir. 2005) (collecting cases); *see also Didzerekis v. Stewart*, 41 F. Supp. 2d 840, 843 n.2 (N.D. Ill. 1999) (explaining that "[s]everal circuits have found that

family members may not sue under § 1983 based upon constitutional deprivations suffered by another family member," while "[o]ther circuits … have held that individuals may pursue a § 1983 claim for the death of their child or parent"). In *Russ*, the Seventh Circuit held that there was no "constitutional right to recover for the loss of the companionship of an *adult* child when that relationship is terminated as an incidental result of state action." 414 F.3d at 791 (emphasis added). The court did not "impose an absolute rule that parents of adult children lack any liberty interest in their relationship with their children," but the court "agree[d] with [its] sister circuits that minor children's need for the guidance and support of their parents warrants 'sharply different constitutional treatment.'" *Id.* at 790 (quoting *Butera v. District of Columbia*, 235 F.3d 637, 656 (D.C. Cir. 2001). The Court takes this to mean not only that there is (or may be) a constitutionally protected interest in a parent's relationship with a minor child, but also a constitutionally protected interest in a minor child's relationship with a parent. Therefore, the Court discerns that the Seventh Circuit would find that the loss of companionship claims brought by Avery's children, all of whom were minors during the time of his incarceration, are cognizable under Section 1983.

Assuming that this is an accurate prediction, the Court must

analyze the applicable statute of limitations. *Sharif*, 376 F.3d at 725 (dismissal without prejudice may be the same as dismissal with prejudice if the plaintiffs have no ability to refile). Section 1983 does not contain an express limitations period, so a federal court must adopt the forum state's limitations period for personal injury claims — six years in Wisconsin. *Wudtke v. Davel*, 128 F.3d 1057, 1061 (7th Cir. 1997) (citing Wis. Stat. § 893.53). Accrual, however, is governed by federal law, and § 1983 claims accrue "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). Using this standard, the claims of Avery's children accrued on September 23, 2010, when Avery's sentence was vacated. *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994) ("a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"). Accordingly, Avery's children have more than a year to re-file their federal due process claims.

Moreover, to the extent that the claims of Avery's children arise under state law, exceptional circumstances justify the Court's refusal to hear those claims. 28 U.S.C. § 1367(c)(4). Again, there is no way for the unrepresented plaintiffs, on two weeks' notice, to meaningfully and

effectively participate in a trial that has been proceeding to conclusion for years without their involvement. The unrepresented children will not be prejudiced because of the tolling limitation in the supplemental jurisdiction statute. § 1367(d).

**NOW THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the loss of companionship claims of William Damen Avery, Jr., Sirena Alline Avery, Cynthia Lynn Tyler, Jalisa Jonique Avery, and Nafia Nicole Avery are **DISMISSED** without prejudice.

Dated at Milwaukee, Wisconsin, this 19th day of May, 2015.

                                             **BY THE COURT:**

                                             _____
                                             **HON. RUDOLPH T. RANDA**
                                             **U.S. District Judge**