# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIAM DAMON AVERY,**

        Plaintiff,

-vs-                                                Case No. 11-C-408

**CITY OF MILWAUKEE, et al.,**

        Defendants.

## DECISION AND ORDER

The defendants move for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). Also before the Court is the plaintiff's motion to reconsider the dismissal of his *Brady* claims and/or to conform the pleadings to the evidence. Both motions are denied.

Rule 50(a) provides that the Court may grant a motion for judgment as a matter of law if a party "has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, …" This standard "mirrors the standard for granting summary judgment. Thus, [the Court] must view the evidence and all reasonable inferences drawn from that evidence in the light most favorable to the party against whom judgment was granted." *Alexander v. Mt. Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 902 (7th Cir. 2007). Avery presented evidence that the defendants fabricated Avery's

statements about the murder of Maryetta Griffin. Avery also presented evidence that the defendants fabricated evidence related to jailhouse informants Antron Kent, Jeffery Kimbrough, and Keith Randolph, which was used to convict Avery at trial. If credited, this evidence could form a legally sufficient basis to find in favor of Avery on his due process claims.

As for the *Brady* claims,[1] the Court explained in its summary judgment ruling that the duty to disclose exculpatory evidence under *Brady* "'drops out' because Avery knew what he said (or didn't say) to the jailhouse informants, …" ECF No. 82, Decision and Order at 13. Avery now argues that the Court should revive his *Brady* claims because Kimbrough testified in the instant civil trial that he told defendant Timothy Heier that he did not want to testify at Avery's criminal trial. Further, Kimbrough testified that he told Heier that his previous statements about overhearing Avery confess to the Griffin murder were false. This "new evidence" goes back to the same concept: if Kimbrough was lying, Avery knew that he was lying. Thus, Avery was perfectly capable of cross-examining Kimbrough in that regard at his criminal trial. *See Harris v. Kuba*, 486 F.3d 1010, 1017 (7th Cir. 2007); *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1029 (7th Cir. 2006). False statements by a

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963) is a "due process case that entitled criminal defendants to be shown exculpatory evidence (including evidence usable to impeach a prosecution witness) in the possession of prosecutors, …" *Gauger v. Hendle*, 349 F.3d 354, 360 (7th Cir. 2003).

prosecution witness cannot form the basis of a claim on the theory that "by failing to correct the statement the prosecution deprived the defendant of *Brady* material, that is, the correction itself." *Gauger*, 349 F.3d at 360.

Avery also requests leave to amend his complaint to bring a *Brady* claim based upon Patricia McCoy's testimony in the instant civil trial that defendant Hein/Spano paid her with money and drugs. Fed. R. Civ. P. 15(b) (Amendments During and After Trial.) Under this provision, a district court is "well within its discretion" to deny a motion seeking to add a new theory of liability if the defendant has not consented to it. *Reynolds v. Tangherlini*, 737 F.3d 1093, 1106 (7th Cir. 2013). The Court will exercise that discretion here. The alleged fabrication of evidence is and was the focus of this case, not the credibility of Patricia McCoy. *See Kier v. Comm'l Union Ins. Co.*, 808 F.2d 1254, 1258 (7th Cir. 1987) (affirming denial of leave to amend where claim "was neither an issue previously contemplated by the parties nor properly addressed by the already completed discovery").

**NOW THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Defendants' motion for judgment as a matter of law [ECF No. 130] is **DENIED**; and

2. Avery's motion to reconsider the dismissal of his *Brady* claims [ECF No. 133] is **DENIED**.

- 3 -

Dated at Milwaukee, Wisconsin, this 9th day of June, 2015.

                                          **BY THE COURT:**

                                    */s/ Rudolph T. Randa*
                                    **HON. RUDOLPH T. RANDA**
                                    **U.S. District Judge**