# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**WILLIAM DAMON AVERY**,

              Plaintiff,

    -vs-                       Case No. 11-C-408

**CITY OF MILWAUKEE, et al**,

              Defendants.

---

## JURY INSTRUCTIONS

---

# Functions of the Court and the Jury

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and your job alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy, fear, prejudice, or public opinion influence you.  You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

1

## Evidence

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

## Expert Witnesses

You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualification, and all of the other evidence in the case.

## Testimony of Witnesses—Deciding What to Believe

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness' intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness' memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness' testimony in light of all of the evidence in the case.

## Weighing the Evidence—Inferences

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

## Definition of "Direct" and "Circumstantial" Evidence

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is evidence that directly proves a fact.  Circumstantial evidence is evidence that indirectly proves a fact.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."  Circumstantial evidence that it is raining is the observation of someone entering the room carrying a wet umbrella.

You are to consider both direct and circumstantial evidence.  The law does not say that one is better than the other.  It is up to you to decide how much weight to give any evidence, whether direct or circumstantial.

# What is Not Evidence

Certain things are not evidence.  I will list them for you:

First, testimony and exhibits that I struck from the record, or that I told you to disregard, are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.  This includes any press, radio, internet, or television reports you may have seen or heard.  Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper.  You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence.  The purpose of these statements is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## Attorney Interviewing Witness

It is proper for an attorney to interview any witness in preparation of a trial.

## Number of Witnesses

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

You heard a witness, Antron Kent, claim his Fifth Amendment privilege against self-incrimination in response to questions here at trial. You may, but are not required to, draw an inference from Mr. Kent's invocation of his Fifth Amendment privilege that truthful answers to the questions he was asked would have incriminated him.

Case 2:11-cv-00408-JPS   Filed 06/11/15   Page 11 of 33   Document 136

## The Parties and the Claims

The plaintiff in this case is William Avery. I will refer to him as the plaintiff. The defendants in this case are the City of Milwaukee and Gilbert Hernandez, Daniel Phillips, Katherin Hein/Spano, Timothy Heier, Kevin Armbruster, and James DeValkenaere, who are current or retired Milwaukee police officers. I will refer to them as the defendants.

The plaintiff claims that the defendants violated his civil rights, failed to intervene to prevent the violation of his civil rights, and conspired to violate his civil rights. As to the City of Milwaukee, the plaintiff contends that a policy or widespread practice of the City caused a violation of his civil rights.

The defendants deny each of the plaintiff's claims.

You must give separate consideration to each claim and to each defendant.

# Burden of Proof

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

# Violation of Due Process

The plaintiff's first claim is that defendants Hernandez, Phillips, Hein/Spano, Heier, Armbruster, and DeValkenaere violated his constitutional right to due process of law by fabricating evidence.

To succeed on this claim as to the particular defendant you are considering, the plaintiff must prove both of the following things by a preponderance of the evidence:

1.  The defendant knowingly fabricated or participated in the fabrication of material false evidence used to convict the plaintiff at trial.

2.  Both the defendant and the witness knew the evidence against the plaintiff was false.

3.  The plaintiff was damaged as a result of the fabrication.

I will now define the term "fabrication." Fabricated evidence is evidence that was created or made up.

I will now define the term "material." With regard to plaintiff's criminal trial, fabricated evidence is considered "material" if it would have had a reasonable likelihood of affecting the outcome of the case.

13

If you find that the plaintiff has proved each of these things by a preponderance of the evidence, then you should find for the plaintiff, and go on to consider the question of damages. If, on the other hand, you find that the plaintiff has failed to prove any of these things by a preponderance of the evidence, then you should find for the defendants, and you will not consider the question of damages.

## Requirement of Personal Involvement

The plaintiff must prove by a preponderance of the evidence that Gilbert Hernandez, Daniel Phillips, Katherine Hein/Spano, Timothy Heier, Kevin Armbruster, or James DeValkenaere were personally involved in the conduct that the plaintiff complains about. You may not hold any one of these individuals liable for what other employees did or did not do.

# Failure to Intervene

The plaintiff's second claim is that defendants Hernandez, Phillips, Hein/Spano, Heier, Armbruster, and DeValkenaere failed to intervene to stop the violation of the plaintiff's due process rights. Specifically, the plaintiff alleges that each of these defendants knew that one or more of the other defendants violated his due process rights, but failed to stop the violation and should therefore be held liable.

To succeed on this claim, the plaintiff must prove each of the following things by a preponderance of the evidence as to the particular defendant you are considering:

1.  That the plaintiff's due process rights were violated by one or more of the defendants.

2.  That the relevant defendant in the claim knew that one or more of the defendants violated the plaintiff's due process rights.

3.  That the relevant defendant had a realistic opportunity to stop the violation of the plaintiff's due process rights.

16

4.  That the relevant defendant did not take reasonable steps to stop the violation of the plaintiff's due process rights, despite his opportunity to do so.

5.  As a result, the plaintiff's due process rights were violated as defined in the first claim.

Case 2:11-cv-00408-JPS   Filed 06/11/15   Page 18 of 33   Document 136

# Conspiracy

The plaintiff's third claim is that defendants Hernandez, Phillips, Hein/Spano, Heier, Armbruster, and DeValkenaere conspired to deprive him of his right to due process of law by fabricating false evidence. A conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

To succeed on this claim, the plaintiff must prove each of the following things by a preponderance of the evidence as to the particular defendant you are considering:

1.  The plaintiff must prove there was an agreement between two or more persons to fabricate false evidence. The plaintiff must prove that the participants shared this common purpose. He does not have to prove there was a formal agreement or plan in which all involved met together and worked out the details. He also does not have to prove that each participant knew all the details of the conspiratorial plan or the identity of all the participants.

2.  The defendant knowingly became a member of the conspiracy with the intention to carry out the conspiracy.

3. One or more of the conspirators committed an act in an effort to carry out the conspiracy.

4. As a result, the plaintiff's due process rights were violated as defined in the first claim.

## Cause

You must decide whether any of the defendants' actions caused the injury. This question does not ask about "**the** cause" but rather "**a** cause" because an injury may have more than one cause. Someone's act caused the injury if it was a substantial factor in producing the injury. An injury may be caused by one person's act or by the combined acts of two or more people.

## "Policy" Claim Against City of Milwaukee

The plaintiff's fourth claim is that the City of Milwaukee had a policy or widespread practice that caused a violation of his right to due process of law.

To succeed on this claim, the plaintiff must prove each of the following things by a preponderance of the evidence:

1.    Material evidence was fabricated. These terms have the same definitions that I provided in connection with the plaintiff's first claim.

2.    At the time of the fabrication, it was the policy of the City of Milwaukee to not adequately investigate homicides. As used in this case, the term policy means a widespread practice that is so permanent and well-settled that it constitutes a custom or practice.

3.    The policy as I have described it in paragraph 2 caused the fabrication of material evidence.

The City of Milwaukee is not responsible simply because it employed any such defendant. The City of Milwaukee is liable if the plaintiff proves by a preponderance of the evidence that the defendant

or defendants' actions in fabricating evidence to deny plaintiff the right to a fair trial was a result of its official policy.

# Liability of Municipality: Definition of "Official Policy"

When I use the term "official policy," I mean:

- A rule or regulation passed by the City of Milwaukee's legislative body; or

- A decision or policy statement made by the chief of the Milwaukee Police Department, who is a policy-making official of the City of Milwaukee; or

- A custom of inadequately investigating homicides at the time in question which led to the fabrication of evidence, that was persistent and widespread so that it was the City of Milwaukee's standard operating procedure. A persistent and widespread pattern may be a custom even if the City of Milwaukee has not formally approved it, so long as the plaintiff proves that a policy-making official knew of the pattern and allowed it to continue.

Case 2:11-cv-00408-JPS   Filed 06/11/15   Page 24 of 33   Document 136

## Damages

If you find in favor of the plaintiff on any of his claims, then you must determine what amount of damages, if any, the plaintiff is entitled to recover.

If you find in favor of the defendants on all of the plaintiff's claims, then you will not consider the question of damages.

# Damages: Compensatory

If you find in favor of the plaintiff on one of more of his claims, then you must determine the amount of money that will fairly compensate him for any injury that you find he sustained as a direct result of the defendants' wrongful conduct. This is called "compensatory damages."

The plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include the mental and emotional aspects of injury, even if they are not easy to measure.

You should consider only the following type of compensatory damages:

-    any physical, mental, and emotional pain and suffering that the plaintiff experienced through the present; and

-    any loss of normal life that the plaintiff experienced through the present.

No evidence of the dollar value of any physical, mental or emotional pain and suffering, or of the value of loss of a normal life, has

been or needs to be introduced. There is no exact standard for setting

the damages to be awarded on account of these facts. You are to

determine an amount that will fairly compensate the plaintiff for any

injury he has sustained.

## Damages: Punitive

If you find for the plaintiff, you may, but are not required to, assess punitive damages against the defendants. The purpose of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to the defendant and others not to engage in similar conduct in the future.

The plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the defendants. You may assess punitive damages only if you find that his or her conduct was malicious or in reckless disregard of plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring plaintiff. Conduct is in reckless disregard of plaintiff's rights if, under the circumstances, it reflects complete indifference to plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the

amount of any punitive damages, you should consider the following

factors:

- the reprehensibility of the defendant's conduct;

- the impact of the defendant's conduct on the plaintiff;

- the relationship between the plaintiff and the defendant;

- the likelihood that the defendant would repeat the conduct if
  an award of punitive damages is not made;

- the relationship of any award of punitive damages to the
  amount of actual harm the plaintiff suffered.

## Selection of Foreperson—General Verdict

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

Forms of the verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in, date, and sign the appropriate form(s).

Advise the bailiff when you have reached a verdict.

## Communication with Court

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the foreperson, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the bailiff who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

## The Use of Electronic Technology to Conduct Research on or Communicate about a Case

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect that you will inform me as soon as you become aware of another juror's violation of these instructions.

# Disagreement Among Jurors

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The nine of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror. You are impartial judges of the facts.