# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM DAMON AVERY,

                                 Plaintiff,

v.                                               Case No. 11-CV-408-JPS

CITY OF MILWAUKEE, DETECTIVE
GILBERT HERNANDEZ, DETECTIVE
DANIEL PHILLIPS, DETECTIVE
KATHERINE HEIN, DETECTIVE                 **ORDER**
TIMOTHY HEIER, DETECTIVE KEVIN
ARMBRUSTER, and DETECTIVE
JAMES DEVALKENAERE,

                                 Defendants.

More than six years ago, Plaintiff William Damon Avery ("Avery") filed suit under 42 U.S.C. § 1983 against the City of Milwaukee ("Milwaukee") and several of its police officers alleging that he had been wrongly convicted of homicide because of the unconstitutional conduct of several Milwaukee police officers. (Docket #1). Avery brought claims that related to evidence fabrication and *Brady* violations, as well as a *Monell* policy-or-practice claim against Milwaukee. *Id.* The district court dismissed on summary judgment Avery's *Brady* claims but allowed Avery's evidence fabrication claims and *Monell* claim to proceed to trial.[1]

On June 11, 2015, after trial, a jury entered a verdict in Avery's favor and against Milwaukee and two officers in the amount of $1,000,000. (Docket #137). The same day, the district court entered judgment on the jury

---

[1] At that time, the case was pending before the late Judge Rudolph Randa.

verdict. (Docket #142). On September 29, 2015, though, the district court entered an amended judgment in favor of all defendants, setting aside the jury's verdict. (Docket #156).

Avery appealed and the Seventh Circuit Court of Appeals reversed and remanded the case to this court for reinstatement of the jury's verdict and resolution of the *Brady* claims that it determined had been incorrectly dismissed on summary judgment. *See* (Docket #188).

Before the Court now is Avery's motion for entry of judgment on his claims that were previously tried to a jury. (Docket #189). The defendants have informed the Court that they do not intend to file an opposition to Avery's motion. (Docket #192). Based on the arguments made in connection with Avery's motion, the provisions of Federal Rule of Civil Procedure 54(b), and the defendants' non-opposition to the motion, the Court finds no just reason for delaying entry of judgment in Avery's favor. The Court will, therefore, enter partial final judgment as to those claims that were tried to a jury and upon which the jury awarded Avery $1,000,000.00. Fed. R. Civ. P. 54(b).

As to the issue of post-judgment interest, the Court of Appeals ruled that this Court shall, upon resolution of the remand proceedings, "calculate postjudgment interest on the $1,000,000 jury verdict from June 11, 2015, the date of the reinstated verdict and judgment." (Docket #188 at 24). Although remand proceedings are not yet complete as to all of Avery's claims, the Court will impose the appropriate post-judgment interest as to the claims disposed of by Avery's instant motion.

Accordingly,

**IT IS ORDERED** that plaintiff William Damon Avery's motion for entry of partial final judgment (Docket #189) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue partial final judgment in favor of the plaintiff, William Damon Avery, in accordance with the terms of this Order and the jury verdict of June 11, 2015, (Docket #137), together with post-judgment interest calculated in accordance with 28 U.S.C. § 1961 from June 11, 2015.

Dated at Milwaukee, Wisconsin, this 15th day of September, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge